| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

TYRON LOVICK,

                    Petitioner,

     – against –                         **MEMORANDUM & ORDER**

SUPERINTENDENT D. MARTUSCELLO,       16-CV-6871 (ERK)

                    Respondent.

KORMAN, *J.*:

      In a *pro se* habeas petition, Tyron Lovick raises two arguments against his New York state guilty plea to first-degree robbery and first-degree assault. These arguments fail for several reasons.

      Lovick's first argument is that his guilty plea to first-degree assault is invalid because he never allocated to one of the elements of the crime: "intent to cause serious physical injury to another person." N.Y. Penal Law § 120.10(1). This argument is procedurally barred. Lovick never attempted to withdraw or otherwise challenge his plea because of the purported problem, and, for that reason, the last state court to issue a reasoned decision, the Appellate Division, Second Department, found the argument "unpreserved for appellate review." *People v. Lovick*, 127 A.D.3d 1108, 1109 (2d Dep't 2015), *leave to appeal denied*, 26 N.Y.3d 1146 (2016). This is an "independent and adequate state ground" for me to reject Lovick's argument. *Whitley v. Ercole*, 642 F.3d 278, 285 (2d Cir. 2011).

      But even if I reached the merits, as the Second Department did in the alternative, the claim would fail. The heart of Lovick's argument is that during allocution he denied intending to cause serious physical injury to the assault victim, a man whom Lovick had shot during the robbery.

True, when asked whether he intended to seriously injure the victim, Lovick said "No, but it happened accidentally." Tr. of Plea Hr'g at 8–9, *People v. Lovick*, 4037/12 (N.Y. Sup. Ct. May 29, 2013) *available here at* Dkt. 6, Ex. A. But the colloquy continued and established that Lovick *had* intended to shoot:

> THE COURT: So how did that happen accidentally?
>
> THE DEFENDANT: Because I was just trying to get away when I [robbed the victim's daughter], and then he had grabbed me. It was a whole tussle getting away.
>
> THE COURT: It's his fault that you shot him?
>
> THE DEFENDANT: No, it's my fault.
>
> THE COURT: So you intended to shoot him, is that right, in order to get away?
>
> THE DEFENDANT: Yeah, but—
>
> THE COURT: But what? Did you intended to shoot him?
>
> THE DEFENDANT: Yeah.

*Id.* at 9. This follow-up established that there was no error, let alone error contrary to clearly established federal law, *see* 28 U.S.C. § 2254(d)(1). As the Second Department correctly determined, Lovick intended to shoot his victim, and an intent to seriously injure is readily inferable. *Oyague v. Artuz*, 393 F.3d 99, 106–07 (2d Cir. 2004) (on habeas, finding sufficient a plea to first-degree assault because intent was "readily inferable" from the defendant shooting a victim (quoting *People v. McGowen*, 42 N.Y.2d 905, 906 (1977)). Moreover, the trial judge's interrogation as to intent supports the presumption that Lovick was advised that intent was an element of first-degree assault. *See Marshall v. Lonberger*, 459 U.S. 422, 436–38 (1983); *Oppel v. Meachum*, 851 F.2d 34, 38 (2d Cir. 1988) (per curiam).

Second, Lovick argues as to both crimes that he did not knowingly and intelligently waive his right to appeal—presumably his right to appeal his sentence. This argument fails because habeas relief requires a violation of "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), and "the Supreme Court has never addressed the requirements of a valid waiver to appeal a sentence," *Veliz v. Griffin*, 17-CV-824 (BMC), 2017 WL 836560, at *3 (E.D.N.Y. Mar. 2, 2017). Moreover, it is clear from the plea discussion that Lovick did knowingly and intelligently waive his right to appeal.[1] He would also fail on the

---

[1]

| | |
|---|---|
| THE COURT: | Mr. Lovick, I hold here in my hand what we call a waiver of a right to appeal. Is this your signature here? |
| THE DEFENDANT: | Yes. |
| THE COURT: | Now, did you sign this document here in open court? |
| THE DEFENDANT: | Yes. |
| THE COURT: | And before you signed it, did you have enough time to talk to your lawyer about it? |
| [COUNSEL]: | Let me just say one thing with him, please. |
| THE COURT: | Absolutely. Take your time. Let the record reflect that the defendant and defense counsel are having a conversation. |
| [COUNSEL]: | All right. |
| THE COURT: | So did you have enough time to talk to your lawyer about it before you signed it? |
| THE DEFENDANT: | Yes. |
| THE COURT: | Just now? |
| THE DEFENDANT: | Yes. |
| THE COURT: | Do you have any other questions you would like to ask him? |

ultimate issue, whether his sentence was excessive. "No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) (per curiam).

To the extent Lovick also argues—in passing, without citation—that his counsel was ineffective for not explaining the appeal waiver sooner, the issue was not raised in state court, *see* 28 U.S.C. § 2254(b)(1)(A), and there was no prejudice because Lovick received an adequate explanation at the plea colloquy, *e.g.*, *Ventura v. Meachum*, 957 F.2d 1048, 1058 (2d Cir. 1992); *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999).

---

THE DEFENDANT: No.

THE COURT: Do you understand that by signing this document you are giving up your right to appeal any issue that may arise from this case including sentencing; do you understand that?

THE DEFENDANT: Yes.

THE COURT: Do you also understand, Mr. Lovick, that a waiver of a right to appeal is not a legal requirement of every guilty plea but part of the negotiations of this plea; do you understand that?

THE DEFENDANT: Yes.

THE COURT: Also, Mr. Lovick, had you not signed this document, and had you wanted to appeal and you didn't have the money for a lawyer, a lawyer would have been appointed to assist you; do you understand that?

THE DEFENDANT: Yes.

THE COURT: I find the defendant made a knowing and voluntary waiver of his right to appeal, therefore, I'll execute this document.

Plea Tr. at 10–12.

Lovick's petition for a writ of habeas corpus is **DENIED**. Because Lovick has not made a substantial showing of the denial of a federal constitutional right, I decline to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

Brooklyn, New York  *Edward R. Korman*
March 30, 2018  Edward R. Korman
United States District Judge